IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ARQUEZ FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:26-cv-35-ECM |
| | ) | [WO] |
| EAST ALABAMA MEDICAL CENTER,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

## I. INTRODUCTION

*Pro se* Plaintiff Arquez Foster ("Foster") brings this employment discrimination action against Defendant East Alabama Medical Center ("Defendant"), alleging that he was subjected to unlawful sexual harassment. (Doc. 15 (operative complaint)). Before the Court are the Magistrate Judge's recommendation that this action be dismissed, (doc. 31), and Foster's motion for leave to amend his complaint, (doc. 34). Foster filed objections to the Recommendation. (Doc. 35). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Foster's objections, the Court concludes that Foster's motion for leave to amend is due to be denied, his objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

[1] Although the Defendant is named "East Alabama Health" in the operative complaint, it appears that "East Alabama Medical Center" is the Defendant's correct legal name. The Clerk of the Court is DIRECTED to update the docket accordingly.

## II. LEGAL STANDARD

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

## III. DISCUSSION

The Court has carefully reviewed Foster's objections. Construed liberally, Foster specifically objects to the Recommendation on the grounds that the Defendant's motion to dismiss is "legally insufficient" under Rule 11 of the Federal Rules of Civil Procedure. (*See* doc. 35 at 5). Upon *de novo* review, the Court concludes that Foster's operative complaint

[2] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

fails to state a claim upon which relief can be granted for the reasons stated in the Magistrate Judge's well-reasoned Recommendation. Therefore, this objection is due to be overruled.

Foster's remaining objections are general or conclusory and therefore insufficient to trigger *de novo* review. The Court discerns no clear error in the Magistrate Judge's Recommendation. Consequently, Foster's other objections are due to be overruled.

The Court now turns to Foster's motion for leave to amend, in which he seeks to amend his complaint to assert (1) a Title VII sexual harassment claim, (2) a Title VII retaliation claim, and (3) a state law negligence claim. (Docs. 34, 34-1). While the Court "should freely give leave [to amend] where justice so requires," FED. R. CIV. P. 15(a)(2), the Court may deny leave if amendment would be futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). Upon review of the proposed amended complaint, (doc. 34-1), the Court concludes that amendment would be futile because the proposed amended complaint fails to state a claim upon which relief can be granted with respect to the two Title VII claims. Further, there being no viable federal claims, the Court would decline to exercise supplemental jurisdiction over Foster's state law claim. *See* 28 U.S.C. § 1367(c); *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 865–66 (11th Cir. 2022). For these reasons, Foster's motion for leave to amend is due to be denied.

## IV. CONCLUSION

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. Foster's motion for leave to amend (doc. 34) is DENIED;

2. Foster's objections (doc. 35) are OVERRULED;

3. The Recommendation of the Magistrate Judge (doc. 31) is ADOPTED;

4. This case is DISMISSED without prejudice;

5. All other pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 29th day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE